IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN CLAYTON HOOPER, II, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01206 |
| | ) JUDGE RICHARDSON |
| DICKSON COUNTY SHERIFF'S OFFICE, ET AL., | ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court is a Report and Recommendation (Doc. No. 14, "R&R") of the Magistrate Judge, recommending that the Court dismiss this action without prejudice in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. In pertinent part, the R&R stated:

> The Plaintiff, John Clayton Hooper, II, was a pretrial detainee in the custody of Dickson County Jail in Dickson, Tennessee when he filed this action pro se on November 16, 2023. Docket No. 1. On December 15, 2023, the pro se Plaintiff filed an Amended Complaint in this matter. Docket No. 8. Upon initial review, the Court found that the Amended Complaint stated a colorable Eighth Amendment deliberate indifference claim. Docket No. 9.
>
> A review of the docket indicates that Plaintiff has not effectuated service upon the Defendants in this matter, nor have any appearances been filed on behalf of Defendants. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filing since filing a notice on December 15, 2023. Docket No. 8. Orders mailed to the Plaintiff have been returned as undeliverable. Docket Nos. 10, 11 and 13. Plaintiff has not updated his address with the Court.
>
> Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendant in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

> It is also well settled that Federal trial courts have the inherent power to manage their own dockets, Link v. Wabash R.R. Co., 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).
>
> On August 27, 2024, this Court issued a show cause order to Plaintiff indicating the Plaintiff should file a notice with the Court regarding the status of service. The Plaintiff was forewarned that failure to comply with the Federal Rules of Civil Procedure, Local Rules of Court or this Court's orders could result in his claims being dismissed. Plaintiff's failure to provide proof of service to the Court or to otherwise take any action in this case for almost a year indicates that he has lost interest in prosecuting this case.
>
> For the reasons set forth herein, the Court respectfully recommends this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

(Doc. No. 14 at 1-2). No objections to the R&R have been filed,[1] and the time for filing objections has now expired.[2]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D.

---

[1] The R&R was mailed by the Clerk's office out to Plaintiff, who is proceeding pro se, and such mailing reflects a date of October 2, 2024. (Doc. No. 15). On November 4, 2024, such mailing was returned to the Clerk's Office with the Post Office's notation, "Return to Sender, Not Delivered as Addressed, Unable to Forward." (*Id.*). This actually comes as no surprise, given that as the R&R notes, Plaintiff failed to keep the Clerk's Office informed of a good mailing address, as was clearly necessary here given that prior mailings from the Clerk's Office to Plaintiff's address of record had been returned. (Doc. No. 10, 11, 13). The Court realizes that Plaintiff did not receive a copy of the R&R from the Court, and thus would not have known of the deadline to respond to it (unless he somehow received actual notice in some other way). But as just indicated, this falls at the feet of Plaintiff; because the reason he did not receive a copy of the R&R from the Clerk Office was his own failure to keep the Clerk's Office apprised of a good address for him. Under these circumstances, Plaintiff is not entitled to relief from the 14-day deadline based on a lack of notice of the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff, because the R&R was filed on October 2, 2024, and as of January 3, 2025, Plaintiff has not filed any objections.

Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas*, 474 U.S. at 150); *Benson v. Walden Sec.*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Ashraf*, 322 F. Supp at 881 (citing *Thomas*, 474 U.S. at 151).

Accordingly, the R&R is adopted and approved. The R&R recommended that this action be dismissed without prejudice under Rules 4(m) and 41(b). Accordingly, this action is DISMISSED without prejudice.

The Clerk is DIRECTED to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE